UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 12-21440-Civ-COOKE-TURNOFF

MIGUEL ROMERO,

    Plaintiff,

vs.

LINDA SWACINA, *et al.*,

    Defendants.

_____/

### ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM

**THIS MATTER** is before me upon Defendants' Motion to Dismiss and Memorandum of Law. ECF No. 9. I have reviewed the Motion, Plaintiff's Response to Defendants' Motion, ECF No. 10, Defendants' Reply, ECF No. 14, and the relevant legal authority. Defendants argue that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). For the reasons provided, Defendants' Motion is granted.

**I.   Introduction**

Miguel Romero ("Romero") is a citizen of Cuba who entered the United States without inspection on December 6, 1961. Comp. 3, ECF No. 1. He was ordered removed by an immigration judge on December 14, 1961, but did not comply and has resided in the United States since that time. *See id.*

On April 12, 2007, Romero applied to the United States Citizen and Immigration Services ("USCIS") to adjust his status and create a record of lawful entry under 8 U.S.C. § 1259 ("the Registry"). *See id.* On October 26, 2007, the USCIS administratively closed that application, incorrectly stating that Romero was ineligible for relief under the Cuban Adjustment Act (8 U.S.C. § 1255), although he had applied under 8 U.S.C. § 1259, a section with different

requirements.  *See id.*

On August 26, 2010, Romero filed his first complaint in this Court, alleging that his 2007 application was improperly closed.  Case No. 10-23068-civ-Cooke; ECF No. 1.  The complaint was dismissed as moot on October 25, 2010, after the USCIS reconsidered Romero's application under the correct statute.  *Id.*, ECF No. 10.  The USCIS, however, denied the application, stating that the immigration judge had exclusive jurisdiction over Romero's application because he was under an outstanding 1961 deportation order.  Case No. 12-21440-civ-Cooke; ECF No. 8-1.  Romero alleges that, upon the dismissal of his first complaint, the Government agreed to join a motion to reopen his proceedings in the immigration court.  Comp. 3.  They subsequently declined to do so.  *See id.*

On April 17, 2012, Romero filed the instant Complaint against the USCIS, the department of Homeland Security, and the United States Attorney General (together the "Defendants") for mandamus, declaratory judgment and other relief.  *See id.* at 1.  Romero avers that he is eligible to obtain a lawful permanent residency under the Registry and that the USCIS has jurisdiction to consider his application.  *See id.* at 3-4.  He requests that this Court order the USCIS to reopen and consider his application.  *See id.* at 5.  On May 22, 2012, the Government moved to dismiss on the grounds that: (1) this court does not have jurisdiction over the claim, and/or (2) Romero fails to state a claim for which relief can be granted.  ECF No. 9.

## II.     Legal Standards

### A.     Motion to Dismiss – Fed. R. Civ. P. 12(b)(1)

A district court is powerless to hear a matter where subject matter jurisdiction is lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (noting that lower federal courts are courts of limited jurisdiction)(citing to *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)).  A plaintiff bears the burden of establishing subject matter

3

jurisdiction. *Sweet Pea Marine, Ltd., v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). A defendant bringing a motion to dismiss under Fed. R. Civ. P. 12(b)(1), may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Lawrence v. Dumbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true." *Id.* at 1529. A defendant also may bring a "factual attack" challenging "'the existence of subject matter jurisdiction in fact, irrespective of the pleadings . . . .'" *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), cert. denied, 449 U.S. 953 (1980)). In contrast to a facial attack, when a factual attack is brought "the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56[,]" by examining and weighing evidence related to the court's subject matter jurisdiction – its authority to hear the case – and giving no presumptiveness of truth to the plaintiff's allegations. *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.) (1981), cert. denied, 454 U.S. 897 (1981)).

   **B.**  **Motion to Dismiss – Fed. R. Civ. P. 12(b)(6)**

When considering a motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A court's consideration, when ruling on a motion to dismiss, is limited to the claims and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must

articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

### III. Discussion

#### A. This Court Has Subject Matter Jurisdiction Over Romero's Claim

Defendants originally argued that the Complaint should be dismissed for lack of subject matter jurisdiction. Defs.' Mot. to Dismiss 6-8. Ultimately, however, Defendants conceded in their Reply that this Court does have subject matter jurisdiction over this case. Defs.' Reply 1-2. Because I have an independent obligation to determine whether jurisdiction exists, I will briefly address Defendants' initial arguments. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking").

First, Defendants argued that the jurisdictional stripping provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2)(B)(ii), applied. Defs.' Mot. to Dismiss 6-8. Pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), no court shall have jurisdiction to review "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is . . . *in the discretion* of the Attorney General or the Secretary of Homeland Security." *Id*. (emphasis added). Generally, an application to create a record of admission may be approved at the sole discretion of the Attorney General. 8 U.S.C. § 1259 ("A record of lawful

5

admission for permanent residence may, *in the discretion* of the Attorney General and under such regulations as he may prescribe, be made") (emphasis added).  Accordingly, a district court usually has no jurisdiction to review a denial of an application for Registry.  Plaintiff correctly argues, however, that this complaint is not subject to the judicial bar for two reasons: (1) the denial of the application was not an exercise of discretion because it was based on the USCIS's lack of jurisdiction, and (2) this court still retains jurisdiction to consider questions of law.  Pl.'s Resp. to Defs.'s Mot. to Dismiss 1.  The INA allows for "judicial review of non-discretionary legal decisions that pertain to constitutional issues or statutory eligibility for discretionary relief." *Aguilera v. Dist. Dir.*, 423 F. App'x 916, 919 (11th Cir. 2011).   Accordingly, the INA gives this Court jurisdiction over the USCIS's decision to deny Romero's application for Registry.

Second, Defendants contended that the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, as well as 28 U.S.C. §1331, do not confer an independent basis for jurisdiction.  Defs.' Mot. to Dismiss 9-10.  As I have already found that this Court has jurisdiction over Romero's claim, I do not need to address the argument that both 28 U.S.C. §§ 2201-02 and 28 U.S.C. §1331 do not confer an independent basis for jurisdiction is not relevant to our case.

Finally, Defendants argued that two statutes deprived this court of jurisdiction because Romero has failed to exhaust his administrative remedies: the Administrative Procedures Act ("APA"), 5 U.S.C. § 704, and the Mandamus Act, 28 U.S.C. § 1361.  Pursuant to the APA, "Final agency action[s] for which there is no other adequate remedy . . . are subject to judicial review." 28 U.S.C. §1331.  The APA, however, establishes judicial review is not available until "an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule." *Ibarra v. Swacina*, 628 F.3d 1269, 1269 (11th Cir. 2010).  The Mandamus Act, on the other hand, gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to

6

perform a duty owed to the plaintiff." 28 U.S.C.A. § 1361. Mandamus jurisdiction is appropriate only where (1) the defendant owes a clear nondiscretionary duty to the plaintiff and (2) the plaintiff has exhausted all other avenues of relief. *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004). I already have determined that the USCIS's decision to deny Romero's application for Registry was not discretionary. Additionally, in this case, Romero has no further administrative remedies. The regulation governing motions to reopen, 8 C.F.R. § 1003.23, requires the motion to be made within 90 days of the final deportation order. Because it is approximately 50 years past the filing deadline, reopening removal proceedings is not a remedy available to Romero.[1] The immigration court does have the power to reopen proceedings *sua sponte* after the filing deadline. *Mejia Rodriguez v. U.S. Dept. of Homeland Sec.*, 562 F.3d 1137, 1145 (11th Cir. 2009). However, a plaintiff does not need to demand that the immigration court *sua sponte* re-open his prior removal proceedings to have exhausted his administrative remedies. *See id* at 1145 n. 16. In other words, Romero's failure to demand that the immigration court *sua sponte* re-open his prior removal proceedings does not foreclose his ability to seek judicial review. This court therefore has subject matter jurisdiction to consider Romero's complaint, and the INA, the APA and the Mandamus Act do not preclude that jurisdiction.

      **B.**    **Romero's Complaint Should Be Dismissed for Failure to State a Claim.**

The essence of Romero's claim is that the USCIS wrongly determined that it lacked jurisdiction, and he seeks an order directing the agency to reopen the application and adjudicate it. Comp. 1. Defendants moved to dismiss the complaint for failure to state a claim because the USCIS correctly stated that it lacked jurisdiction, and this court is therefore unable to order any meaningful relief for Romero. Defs.' Mot. to Dismis 12.

---

[1] The time limitation on a motion to reopen does not apply if the Government joins the petitioner's motion. 8 C.F.R. § 1003.23(b)(IV). It has previously declined to do so for Romero.

7

Romero applied to the USCIS to adjust his status under the Registry statute, 8 U.S.C. § 1259. Comp. 1. The section provides that, for an alien who entered the country before 1972, "[a] record of lawful admission for permanent residence may, in the discretion of the Attorney General and under such regulations as he may prescribe, be made . . . if no such record is otherwise available." 8 U.S.C. § 1259; INA § 249. The USCIS denied Romero's application, citing 8 C.F.R. § 249.2(a):

> An application by an alien, other than an arriving alien, who has been served with a notice to appear or warrant of arrest shall be considered only in proceedings under 8 CFR part 240.[2] In any other case, an alien who believes he or she meets the eligibility requirements of section 249 of the Act shall apply to the district director having jurisdiction over his or her place of residence.

This section gives the USCIS jurisdiction over all applications for status adjustments, with one narrow exception for an already-resident alien in removal proceedings. Defendants contend that Romero falls under this exception, which requires him to have his application considered in immigration court. Defs.'s Mot. to Dismiss 14. Because the order of deportation was never executed by Romero, he is still subject to the exception of 8 C.F.R. § 249. *Aguilera*, 423 F. App'x at 918 (finding that once an alien is placed in removal proceedings, the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file). Accordingly, if Romero seeks to apply for the Registry, 8 C.F.R. § 249 requires him to either petition the immigration judge to *sua sponte* reopen his case, or convince immigration officials to join his motion to reopen. This Court, however, cannot order the USCIS to act, when the USCIS is powerless to do so. *See Aguilera*, 423 F. App'x at 919 (citing *Nyaga v. Ashcroft*, 323 F.3d 906, 916 (11th Cir.2003) (holding that where an agency is unable to act on requested relief, the district court should dismiss a mandamus action as moot)). Romero's Complaint, thus, must be dismissed.

---

[2] 8 CFR part 240 contains the regulations concerning removal proceedings before the immigration courts.

### III. Conclusion

For the foregoing reasons, this Court has subject matter jurisdiction to consider this Complaint. Plaintiff's Complaint, however, fails to state a claim upon which relief can be granted.

Accordingly, it is **ORDERED and ADJUDGED** that:

1. The Defendants' Motion to Dismiss and Memorandum of Law (ECF No. 9) is **GRANTED**.

2. The Plaintiff's Complaint for Mandamus, Declaratory, and Other Relief (ECF No. 1) is **DISMISSED with prejudice**.

3. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida, this 26th day of December 2012.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*